IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. SUNNERGREN, ) | No. C 12-0979 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER DENYING |
| ) | APPLICATIONS FOR |
| vs. ) | PRELIMINARY INJUNCTIVE |
| ) | RELIEF |
| ) | |
| CMO E. TOOTELL, et al., ) | (Docket Nos. 9, 15.) |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that several San Quentin State Prison ("SQSP") officials were deliberately indifferent to his serious medical needs. In its initial order, the Court dismissed several defendants with leave to amend, and ordered service upon Defendants CMO E. Tootell, Primary Care Physician Dr. Wu, Dr. J. Grant, LVN Carolyn Lacy, and Dr. J. Espinoza-Marcus.[1] Defendants' dispositive motion is currently due on or before December 10, 2012.

Plaintiff has moved for a preliminary injunction. For the reasons that follow, Plaintiff's motion is DENIED.

---

[1] The Court previously granted Plaintiff two extensions of time in which to file an amended complaint. Plaintiff's amended complaint was due on October 15, 2012. Plaintiff did not file an amended complaint. The Court's order dated September 13, 2012, informed Plaintiff that a failure to file an amended complaint would result in the Court proceeding solely on Plaintiff's deliberate indifference claim.

Order Denying Applications for Preliminary Injunctive Relief
G:\PRO-SE\SJ.LHK\CR.12\Sunnergren979pi.wpd

1   "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be
2   granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v.*
3   *Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A
4   plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,
5   that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
6   equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural*
7   *Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

8   As an initial matter, in Plaintiff's motion, he requests the Court to enjoin Chief of the
9   California Prison Health Care Services, J. Walker; Secretary of the California Department of
10  Corrections, Matthew Cate; the CDCR and its "officers, agents, employees, successors,
11  attorneys, and all those in active concert or participation with them" from interfering with or
12  denying Plaintiff from receiving his pain management treatment of 30 milligrams ("mg") of
13  morphine sulphate four times a day and 800 mg of ibuprofen three times a day. Plaintiff has
14  failed to make a "clear showing," *id.* at 22, that the prison officials who are interfering with or
15  denying Plaintiff from his morphine and ibuprofen "are in active concert or participation" with,
16  or are subordinates of, Defendants. Fed. R. Civ. P. 65(d). Plaintiff has failed to specifically
17  identify the prison officials responsible for the interference with or denial of his morphine and
18  ibuprofen, nor has he identified the officials authorized to order the morphine and ibuprofen.
19  Absent such a showing, the Court may not grant Plaintiff's motion. *See In re Estate of*
20  *Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996) (recognizing that a court can only enjoin
21  those it has personal jurisdiction over, and acknowledging that a court should not issue an
22  injunction that it cannot enforce).

23  Further, even if Plaintiff had made a clear showing that the prison officials who interfered
24  with or denied Plaintiff's morphine and ibuprofen were in active concert with Defendants,
25  Plaintiff has failed to failed to show a likelihood of success on the merits or that he is likely to
26  suffer irreparable harm in the absence of preliminary relief. *See Winter*, 555 U.S. at 20. In
27  order to succeed on a claim of deliberate indifference to serious medical needs, a plaintiff must
28  demonstrate the seriousness of his medical need, and the nature of the defendants' response to

that need.  *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even assuming that Plaintiff has a serious medical need, the sparse evidence he has submitted in support of his motion for preliminary injunction falls far short of showing a likelihood of success on the merits.  At most, the evidence submitted by Plaintiff suggests that an unspecified prison official accused Plaintiff of "cheeking" or "hoarding" medication, and because of this suspected cheeking, on July 6, 2010, Plaintiff's narcotics were discontinued.  (Mot. for Prelim. Injunc., Ex. O, Dr. Espinoza-Marcus' medical notes.)  On February 17, 2011, Dr. Gamboa also observed that Plaintiff had a "history of narcotic diversion." (*Id.*, Ex. B.)  Nonetheless, Dr. Gamboa started Plaintiff on 15 mg of morphine sulfate.  (*Id.*)  At that time, Plaintiff was still receiving 600 mg of gabapentin two times a day, and 600 mg tabs of ibuprofen three times a day.  (*Id.*)  Plaintiff's exhibits show that he had a prescription for morphine from February 2011 through at least September 15, 2011.  (*Id.*, Ex. D.)  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health.  *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).  At this time, a review of the evidence submitted does not show that Plaintiff is likely to succeed on the merits.  The Court recognizes that it is Plaintiff's position that this is not merely a difference of opinion between him and his doctor, or between medical providers, but Plaintiff's mere opinion regarding the action is not sufficient to issue a preliminary injunction.  The question must be decided based upon the evidence before the Court.

   In addition, in his motion, Plaintiff states that he receives constant interruptions to his prescribed pain medication which cause unbearable pain.  Also, Plaintiff claims that his medical conditions are degenerative in nature, so the level of pain he experiences only gets worse without adequate medical devices and pain control.  Plaintiff alleges that there is a substantial risk of harm because, due to the interruptions to his pain medications, Plaintiff's bones have

deteriorated more, making it more likely that he will need surgery.  Plaintiff's allegations appear to be a "[s]peculative injury [that] does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co.*, 844 F.2d 668, 674 (9th Cir. 1988).  Based on the above, Plaintiff has not sufficiently satisfied the *Winter* factors to warrant the extraordinary remedy of an injunction.  Accordingly, Plaintiff's motion for a preliminary injunction is DENIED without prejudice.

To the extent Plaintiff wishes to amend his complaint to add more defendants, that request is DENIED.  (Doc. No. 23 at 8.)  Plaintiff has already been given the opportunity plus two extensions of time in which to file an amended complaint, but has failed to comply with the Court's deadlines.  Moreover, Plaintiff simply lists Defendants that he wishes to join, but fails to proffer any evidence that any of them proximately caused any alleged violation of Plaintiff's constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

IT IS SO ORDERED.

DATED: 10/25/12

LUCY H. KOH
United States District Judge

Order Denying Applications for Preliminary Injunctive Relief
G:\PRO-SE\SJ.LHK\CR.12\Sunnergren979pi.wpd     4