IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK E. SUNNERGREN, | ) | No. C 12-979 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION TO COMPEL; GRANTING |
| | ) | DEFENDANTS' MOTION FOR AN |
| v. | ) | EXTENSION OF TIME |
| | ) | |
| MATTHEW CATE, et al., | ) | (Docket No. 26) |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court found that, liberally construed, Plaintiff stated a cognizable claim of deliberate indifference to his serious medical needs. Defendants have filed a motion to compel Plaintiff to respond to their interrogatories. Plaintiff has filed an opposition, and Defendants have filed a reply. Defendants have also filed a motion for an extension of time in which to file their dispositive motion. For the reasons stated below, Defendants' motions are GRANTED.

**DISCUSSION**

A.  Motion to Compel

On September 11, 2012, Defendants sent a set of 7 interrogatories -- 5 of which contained 12 subparts -- to Plaintiff. (MTC, Ex. A.) After receiving no response from Plaintiff, on October 16, 2012, Defendants requested that Plaintiff respond to the interrogatories or face a motion to compel. (Decl. Grigg at ¶ 3.) On October 25, 2012, Plaintiff responded that he needed

more time, and that his affidavit filed in support of his motion for injunctive relief provided "nearly all" the information Defendants sought. (*Id.* at ¶ 4.) On October 31, 2012, Defendants again requested that Plaintiff provide answers to the interrogatories. (*Id.* at ¶ 6.) On November 13, 2012, Plaintiff responded that answering the interrogatories would be too burdensome, and that there were documents that provided the information Defendants sought. (*Id.*; Opp., Ex. B.) Defendants filed the underlying motion to compel on November 26, 2012.

The federal rules allow liberal discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The party resisting discovery has the burden of establishing lack of relevance or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997). A recitation that the discovery request is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). The party resisting discovery must instead "'show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" *Id.*

Plaintiff asserts that Defendants' interrogatories exceed the 25 interrogatory limit set by Federal Rule of Civil Procedure 33. Defendants respond that the subparts should not be counted as separate interrogatories. Unless otherwise stipulated or ordered by the Court, the Federal Rules state that a party may serve no more than 25 written interrogatories, including all discrete subparts. A single question asking for several bits of information relating to the same topic counts as one interrogatory "if they are logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D.Cal. 1998); Fed. R. Civ. P. 33(a)(1). Here, a review of Defendants' interrogatories reveals that Numbers 1-5 each contain 12 subparts. Each of the 5 separately numbered interrogatories relate to Plaintiff's deliberate indifference claim against each of the 5 Defendants in this action. The subparts relate to the same topic, and are necessarily related to the question of each Defendant's actions that would support his or her role in Plaintiff's claim. Thus, the Court agrees that Defendants' interrogatories do not exceed the 25 interrogatory limit.

Plaintiff also argues that his previous pleadings contain the answers Defendants seek. Plaintiff must make a good faith effort to provide the facts which he alleges support his claim

where requested by Defendants' interrogatories. Plaintiff is advised that simply responding to the entire set of interrogatories by stating, "see complaint" or "see affidavit" is not sufficient. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."). Thus, the Court will GRANT Defendants' motion to compel and order Plaintiff to provide actual responses to the interrogatories propounded on Plaintiff. If Plaintiff is not in possession of the requested information, he should so state in his response to that particular interrogatory.

The Court reminds Plaintiff that "[*p*]*ro se* litigants must follow the same rules of procedure that govern other litigants." *Briere v. Chertoff*, No. 06-56740, 271 Fed.Appx. 682, 683 (9th Cir. 2008) (unpublished memorandum disposition) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Plaintiff elected to bring the instant action, and he is bound by the rules governing litigation. The Court therefore stresses to Plaintiff that he must comply with this Order and respond to the interrogatories **within 28 days** of the filing date of this Order. Plaintiff is warned that failure to comply with this Order in good faith may result in the imposition of monetary sanctions, evidentiary sanctions, and/or the dismissal of his case. *See* Fed. R. Civ. P. 11, 37.

On the other hand, discovery practice is not a contest in which counsel is permitted to take advantage of a *pro se* litigant. The efficiency of pursuing written discovery in an action involving a *pro se* litigant may be questionable. If, as the case progresses, the Court determines that information being sought by Defendants is more efficiently obtained through the taking of Plaintiff's deposition rather than through voluminous and detailed written discovery, the Court will exercise its authority to manage discovery by denying future motions to compel responses to written discovery, and instead, directing the taking of Plaintiff's deposition, unless Defendants can demonstrate that such an alternative is inadequate.

B.  Motion for Extension of Time

Defendants request an extension of time in which to file a dispositive motion, based on their inability to obtain discovery information. Defendants' motion is GRANTED. Defendants shall file a dispositive motion, or notice that no such motion is warranted, **no later than March**

**31, 2013**.  Plaintiff shall file any opposition **twenty-eight days** after Defendants file their motion.  Defendants shall file a reply within **fourteen days** thereafter.

    IT IS SO ORDERED.

DATED:  1/2/13

_____
LUCY H. KOH
United States District Judge