IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. SUNNERGREN, ) | No. C 12-0979 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION |
| ) | FOR RECONSIDERATION |
| vs. ) | |
| ) | |
| MICHAEL CATE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On April 8, 2015, after the parties entered into a settlement agreement, and filed a stipulation of dismissal, the court granted the stipulation of dismissal with prejudice and closed the case. On May 1, 2015, plaintiff filed a motion to reconsider the dismissal.[1] Defendants have filed an opposition. Plaintiff has not filed a reply.

In the motion, plaintiff states that the settlement agreement provided defendants would pay plaintiff $5350.00, subject to deductions for any of plaintiff's outstanding obligations including court restitution and filing fees. Plaintiff states that he received checks from defendants totaling $2958.27, but he argues that he should have received $3877.75. Plaintiff

---

[1] On May 11, 2015, plaintiff filed a notice of appeal in an effort to appeal the stipulation of dismissal. On June 10, 2015, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because a stipulation of dismissal is not a final or appealable order. (Docket No. 73.)

Order Denying Motion for Reconsideration
P:\PRO-SE\LHK\CR.12\Sunngergren979reconsett.wpd

1  claims that defendants improperly withheld $2392.33 from the total amount. Defendants
2  respond that plaintiff has miscalculated his deductions. Because plaintiff was assigned two
3  different CDCR numbers, plaintiff did not include in his total deductions the restitution
4  obligations from the second CDCR number. (Opp., Ex. 1.) These obligations plus the 5%
5  administrative fee total $2931.73. Thus, argue defendants, the $2958.27 paid to plaintiff was
6  proper. Plaintiff does not respond to defendants' explanation of their calculation.

7  Plaintiff's motion for reconsideration asks the court to "stay" the entry of dismissal
8  pending full payment of the agreed upon settlement, and requests that the defendants disclose
9  their calculations. Plaintiff's motion does not request reconsideration of the dismissal. Rather,
10 plaintiff requests enforcement of the settlement agreement.

11 Even assuming that the amount plaintiff has received is incorrect, which does not appear
12 to be the case, the court lacks jurisdiction to enforce the agreement. *See Kokkonen v. Guardian*
13 *Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (the district court lacked jurisdiction over a
14 motion to enforce settlement following entry of a stipulated dismissal with prejudice where there
15 was no provision in the settlement agreement retaining jurisdiction, and the settlement agreement
16 was not incorporated into the order dismissing with prejudice). Without a provision in the
17 agreement to retain jurisdiction, there is no basis for federal jurisdiction. *See id.* at 382
18 (recognizing that "enforcement of the settlement agreement is for state courts, unless there is
19 some independent basis for federal jurisdiction"). Thus, plaintiff's remedy for any breach or
20 enforcement lies in state court. *See Keeling v. Sheet Metal Workers Int'l Ass'n*, 937 F.2d 408,
21 410 (9th Cir. 1991) ("In the usual course upon repudiation of a settlement agreement, the
22 frustrated party may sue anew for breach of the agreement and may not, as here, reopen the
23 underlying litigation after dismissal."). Accordingly, plaintiff's motion is DENIED.

24 Alternatively, to the extent plaintiff's motion for reconsideration of the dismissal is one
25 filed under Rule 59(e), such a motion "should not be granted, absent highly unusual
26 circumstances, unless the district court is presented with newly discovered evidence, committed
27 clear error, or if there is an intervening change in the law." *McDowell v. Calderon*, 197 F.3d
28 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). Plaintiff does not present any of those

factors to warrant reconsideration of the stipulation of dismissal. Even if the court could construe plaintiff's argument as including "newly discovered evidence," evidence of plaintiff's financial obligations was available at the time he entered into the stipulation of dismissal. Again, plaintiff's claim is more properly understood as a question of whether defendants breached the settlement agreement rather than an argument that plaintiff has discovered new evidence to warrant a reconsideration of the settlement agreement and corresponding stipulation of dismissal.

To the extent plaintiff's motion for reconsideration is one filed under Rule 60(b), plaintiff must show one or more of the following: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff has not provided any evidence to support an argument that he is entitled to reconsideration under subsections 1 through 5.

Rule 60(b)(6) is a "catchall" provision where, generally, only "extraordinary circumstances" justify relief. *Samish Indian Tribe v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). Where there is evidence of "bad faith noncompliance," "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance" that will "justif[y] vacating the court's prior dismissal order." *Keeley*, 937 F.2d at 410-11. To justify relief under Rule 60(b)(6), the repudiation must amount to a complete frustration of the settlement agreement and not merely a single breach or disagreements over proper interpretation. *See Hermetic Order of Golden Dawn, Inc. v. Griffin*, No. 08-16904, 400 Fed. App'x. 166, 167 (9th Cir. 2010) (citing *Keeling*) (unpublished memorandum disposition). Plaintiff has not demonstrated a complete frustration of the settlement agreement. Rather, plaintiff is merely disagreeing with defendants' calculation of the total payment.

Plaintiff's motion for reconsideration is DENIED. No further filings will be accepted in this closed case. The Clerk shall terminate all pending motions.

IT IS SO ORDERED.

DATED: 11/2/2015

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Order Denying Motion for Reconsideration
P:\PRO-SE\LHK\CR.12\Sunngergren979reconsett.wpd    4